# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **A.B.-1, A.B.-2, and R.B.**

**No. 17-0104** (Webster County 15-JA-29, 15-JA-30, & 15-JA-31)

**FILED**

**June 19, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother K.B., by counsel Christopher G. Moffatt, appeals the Circuit Court of Webster County's October 27, 2016, order terminating her parental and custodial rights to A.B.-1, A.B.-2, and R.B.[1] Trooper S.C. Baier of the West Virginia State Police, by counsel Dwayne C. Vandevender, Webster County Prosecuting Attorney, and the West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, Assistant Attorney General, filed responses in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her rights to the children without employing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2015, Trooper Baier filed an abuse and neglect petition alleging that petitioner and the children's father engaged in domestic violence in the children's presence; that petitioner left the children unattended in a motel room in Mineral Springs, West Virginia, while she drove to Pennsylvania; that then one-year-old R.B. was observed wandering through the motel property alone towards the Elk River; that petitioner's home was in disarray with trash, bottles, and food waste scattered throughout; that petitioner abused her prescription for Subutex, which she had as a means to control her addiction to other prescription medication; and that petitioner had neglected the children's education, resulting in multiple counts of truancy pending against her. Trooper Baier further noted that petitioner had been adjudicated as an abusing parent twice before (in 2007 and 2010) due to substance abuse issues, but, on both occasions, petitioner

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Further, as two of the children share the same initials, we use numbers (A.B.-1 and A.B.-2) to distinguish them in this memorandum decision.

successfully completed improvement periods and reunited with her children. Upon the filing of the petition in this case, the circuit court joined the DHHR as a party. Thereafter, petitioner was adjudicated as an abusing parent.[2]

In December of 2015, petitioner was granted a post-adjudicatory improvement period. The terms of the improvement period included completion of an inpatient substance abuse treatment program; random drug and alcohol screening; and anger management and domestic violence classes. Two months later, Trooper Baier filed a motion to revoke petitioner's improvement period due to her failure to submit to a drug screen on February 4, 2016; her failure to apply to inpatient substance abuse treatment programs; and her failure to follow through with anger management and domestic violence classes.[3]

In March of 2016, the circuit court held a hearing on the motion to revoke petitioner's improvement period. At that hearing, petitioner testified that she had applied to an inpatient program, although she had no documentary evidence to support her testimony. She further testified, without documentary support, that she had a thyroid condition that required her to undergo radiation treatments, during which time her ability to comply with her improvement period would be limited. At the conclusion of that hearing, the circuit court granted petitioner ten days to supplement the record with evidence of her medical condition. Petitioner's services thereafter continued.

At a status hearing held in September of 2016, a DHHR worker testified that petitioner was not regularly participating in her services or in her scheduled visits with the children. The DHHR worker also stated that petitioner had not supplemented the record with medical information as previously ordered by the circuit court.

In early October of 2016, the circuit court held a dispositional hearing. At that hearing, petitioner testified that she was placed on a waiting list with the Mother's Program, an inpatient substance abuse treatment program, but was no longer on that list because she "wasn't getting anywhere[.]" She claimed to be separating from her then-husband and "trying other areas." It was noted that petitioner's drug screen taken the day of the hearing was positive for methamphetamine.

By order entered on October 27, 2016, the circuit court found that, given petitioner's repeated failures during her improvement period and thereafter, there was no reason to believe that the conditions of abuse and neglect will be substantially corrected in the future. The circuit court further found that the children deserved permanency. Based on these findings, the circuit court terminated petitioner's parental and custodial rights to the children.[4] This appeal followed.

---

[2]The appendix record does not contain any orders or transcripts from the adjudicatory proceedings. Therefore, while the parties agree petitioner was adjudicated, the details of the adjudication are unclear.

[3]The motion to revoke was later amended for reasons not relevant to this appeal.

[4]The parental and custodial rights of all parents have been terminated. According to the

(continued . . .)

2

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her rights to the children without employing a less-restrictive dispositional alternative. With regard to the use of the least-restrictive dispositional alternative, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less[-]restrictive alternatives when it is found that there is no reasonable likelihood under W.Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). A situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person . . . [has] not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning . . . .

W.Va. Code § 49-4-604(c)(1).

---

guardian ad litem, the children currently reside together in a temporary foster home, and a permanent foster home that will accept all three children is being sought. The permanency plan for the children is permanent guardianship/adoption by foster parents.

Here, petitioner claims that she had applied to inpatient treatment programs and, therefore, was entitled to more time to pursue that treatment. She further argues that it was error for the circuit court to consider her prior abuse and neglect adjudications for drug-related issues when the main grounds for the instant case were lack of supervision and truancy. We disagree with petitioner's arguments.

First, petitioner had more than one year to substantially comply with the terms of her improvement period, but she failed to do so. The evidence established that petitioner failed to regularly participate in services in that time and failed a drug screen for methamphetamine during her improvement period. Second, petitioner cites no portion of the record where she objected to the circuit court's consideration of her prior abuse and neglect adjudications for drug abuse, and she further fails to cite legal authority indicating that a circuit court may not consider prior drug use where relevant to determine whether there is a reasonable likelihood that the conditions of abuse and neglect may be corrected in the future. To the extent petitioner argues that the instant case was not based upon her drug use, we disagree. The underlying petition clearly alleged that she abused controlled substances. We find no indication in the record that her current and former drug use was not a relevant consideration at the dispositional hearing.

Clearly, the circuit court had sufficient evidence upon which to find there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect due to her ongoing substance abuse and failure to follow the appropriate treatment. Consequently, we find no error in the circuit court's termination of petitioner's parental and custodial rights to the children without the use of less-restrictive dispositional alternatives.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 27, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: June 19, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker